**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LUISITO GONZÁLEZ SANTIAGO,

    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 18-1654 (MEL)

**OPINION AND ORDER**

**I.    Procedural and Factual Background**

Pending before the court is Mr. Luisito González Santiago's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits under the Social Security Act. ECF No. 16. On January 25, 2013, Plaintiff filed an application for Social Security benefits alleging that he initially became unable to work due to disability on January 18, 2013 ("the onset date"). Tr. 44.[1] Prior to the onset date, Plaintiff worked as an electrician helper. Tr. 51. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. Tr. 46. Plaintiff's disability claim was denied on August 15, 2013, and upon reconsideration. Tr. 44.

Thereafter, Plaintiff requested a hearing which was held on May 17, 2016 before Administrative Law Judge Theodore W. Grippo ("the ALJ"). Tr. 44, 59-70. On August 11, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 53. Thereafter, Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to

---

[1] "Tr." refers to the transcript of the record of proceedings.

judicial review. Tr. 1-6. Plaintiff filed a complaint on September 5, 2018. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 16, 17.

## II.     Legal Standard

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying

the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether

plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### C. The ALJ's Decision

In the case at hand, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. Tr. 46. At step one of the sequential evaluation

process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Id. At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity, degenerative disc disease of the spine, and affective disorder. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 64. Next, the ALJ determined that during the relevant period

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except the claimant is limited to occasionally climb ladders, ropes, or scaffolds; frequently climb stairs and ramps; and frequently stoop, crouch, or crawl. The claimant also has non-exertional limitations; he is limited to simple, unskilled work.

Tr. 48. At step four, the ALJ determined that through the date last insured, Plaintiff could not perform his past relevant work as an electrician helper. Tr. 51. At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to a vocational expert. Tr. 65. The vocational expert testified that an individual with a similar RFC would be able to perform the following representative occupations: electronics worker, hand packager inspector, and machine feeder. Tr. 52, 65. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that he was not disabled. Tr. 53.

**III.    Legal Analysis**

Plaintiff objects to the ALJ's final decision denying disability benefits on four grounds. First, Plaintiff alleges that the ALJ erred in finding that his mental condition did not meet the criteria of Listing 12.04. ECF No. 16, at 5. Next, Plaintiff claims that the ALJ's RFC determination is not supported by substantial evidence. Id. It is also alleged by Plaintiff that the ALJ did not properly consider his complaints of pain. Id. Lastly, Plaintiff contends that the ALJ's

step five determination that he can perform work in the national economy is not supported by substantial evidence. Id. at 12.

### A. The ALJ's Step Three Determination

Plaintiff alleges that he meets the requirements of Listing 12.04 (affective disorders). ECF No. 16, at 5-7. Plaintiff specifically contends that he has marked limitations in the Paragraph B criteria. Id. at 6. A claimant bears the burden to demonstrate that he meets all the specified duration and objective medical requirements of a Listing. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). Paragraph B of Listing 12.04 requires that the claimant's mental impairment result in at least two of the following: (1) marked restrictions of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration.[2] See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04B; Ruperto v. Comm'r of Soc. Sec., Civ. No. 14-1673, 2016 WL 1239927, at *2 (D.P.R. Mar. 28, 2016).

In the case at hand, the ALJ found that Plaintiff did not satisfy the criteria of Paragraph B. Tr. 47-48. In activities of daily living, the ALJ found that Plaintiff had no restrictions. Tr. 47. The ALJ noted that in June 2013, Plaintiff reported to treating clinical psychologist Dr. Héctor J. Marrrero ("Dr. Marrero") that he likes to do light housework, yard work, and garden work when

---

[2] Plaintiff erroneously references the revised version of the Paragraph B criteria. ECF No. 16, at 6. The medical criteria used to evaluate claims involving mental disorders have been revised, effective January 17, 2017. See García-Cortés v. Saul, Civ. No. 19-1319, 2020 WL 5822470, at *10 n.6 (D.P.R. Sept. 29, 2020); Kreischer v. Berryhill, Civ. No. 18-1034, 2019 WL 2177916, at *3 (S.D. Cal. May 20, 2019). The revised criteria apply to ALJ decisions issued after that date. The ALJ's decision in the case at bar was issued on August 11, 2016, so the old criteria apply. Tr. 53.

6

he feels well. Tr. 341. Dr. Marrerro found that Plaintiff was capable of caring for his personal needs. Tr. 343. Dr. Marrerro, however, also opined that Plaintiff did not possess the physical capacity nor the mental condition to be in a competitive work setting. Tr. 344. The ALJ assigned little weight to Dr. Marrerro's opinion that Plaintiff did not possess the physical capacity nor the mental condition to be in a competitive work setting as the issue of disability is a finding reserved solely to the Commissioner. Tr. 50, 344. See 20 C.F.R. § 404.1527(d).

The ALJ found that Plaintiff had no restrictions in maintaining social functioning because he indicated in his March 2013 function report that he did not have problems getting along with family, friends, neighbors, or others. Tr. 47, 84. Plaintiff also reported that he does not have problems with authority figures. Tr. 85. In May 2013, consultative internist Dr. Nilma Rosado Villanueva ("Dr. Rosado") examined Plaintiff and found that he was cooperative and exhibited adequate behavior. Tr. 329. In June 2013, Dr. Marrerro noted that Plaintiff's behavior was cooperative and adequate during the examination. Tr. 342. Furthermore, progress notes from the APS Clinics reflect that Plaintiff maintained an appropriate, cooperative, and friendly attitude.[3] Tr. 117, 120, 125.

The ALJ found that Plaintiff had a moderate limitation in maintaining concentration, persistence, or pace. Tr. 47. The ALJ noted that Dr. Marrerro reported in June 2013 that Plaintiff had partially impaired immediate memory and diminished attention and concentration. Tr. 342-43. Dr. Marrero, however, also found that Plaintiff did not have any impairments in judgment and that he was oriented in all spheres. Tr. 342-43. Progress notes from the APS Clinics reflect that Plaintiff was oriented in all spheres and displayed intact immediate, recent, and remote memory; logical, relevant, and coherent thought process; and adequate concentration and good

---

[3] These progress notes correspond to Plaintiff's treatment at the APS Clinics in August 2013, September 2013, and October 2013.

judgment.[4] Tr. 117, 120, 125. Moreover, state agency clinical psychologist Dr. Jesús Soto ("Dr. Soto") reviewed the record in February 2014 and found that Plaintiff had only moderate difficulties in maintaining concentration, persistence, or pace. Tr. 161. Lastly, the ALJ noted that the record did not reflect repeated episodes of decompensation of extended duration. Tr. 47. Plaintiff has not cited to any record evidence contradicting the ALJ's finding that he has not experienced repeated episodes of decompensation of extended duration.

The ALJ also determined that the Paragraph C criteria was not satisfied.[5] The ALJ noted that Plaintiff has not experienced episodes of decompensation and there is no evidence that a minimal increase in mental demands or change in environment would cause him to decompensate. Tr. 47-48. The ALJ noted that Plaintiff does not have a history of living within a highly supportive living arrangement and there is no indication of any need for such an arrangement. Id. Plaintiff has not cited to any evidence on the record to discredit the ALJ's findings as to Paragraph C. Therefore, there is no reason to overturn the ALJ's step three determination that Plaintiff did not meet Listing 12.04.

### B. The ALJ's RFC Determination

Plaintiff argues that the ALJ's RFC determination that he could perform light work is not supported by substantial evidence. ECF No. 16, at 7-9. The ALJ is responsible for determining a claimant's RFC based on all the relevant evidence, including a claimant's medical record, the

---

[4] These progress notes correspond to Plaintiff's treatment at the APS Clinics in August 2013, September 2013, and October 2013.

[5] "Under 'paragraph C' of listing 12.04, the claimant must show that she has a '[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities ... and one of the following: 1. Repeated episodes of decompensation, each of extended duration; or 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.'" Qtyab v. Colvin, Civ. No. 15-13335, 2016 WL 3814381, at *2 n.4 (D. Mass. July 12, 2016) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(c)).

medical opinions, and a claimant's descriptions of his limitations. 20 C.F.R. §§ 404.1545, 404.1546. A claimant's RFC is the most he can do despite limitations from his impairments. Id. The claimant, however, has the burden of providing evidence to establish how his impairments limit his RFC. 42 U.S.C. § 423(d)(5)(A); Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).

Plaintiff argues that the RFC determination was deficient because it should have found that he was more limited because of his back pain. ECF No. 16, at 8. Plaintiff also argues that the RFC is flawed because it does not reflect that he can only lift/carry less than ten pounds and did not include the limitation that he can only stand/walk for a total of two hours in an eight-hour workday. Id. Plaintiff's arguments are unsubstantiated as he has failed to cite to any record evidence in support of his assertion that he can only lift/carry less than ten pounds and stand/walk for less than two hours in a workday. Plaintiff also does not articulate how the ALJ's RFC determination did not account for his back pain.

The ALJ reasonably considered the medical evidence in the record to find that Plaintiff could perform a range of light work. On May 29, 2013, Plaintiff reported to Dr. Rosado that he had been suffering from low back pain on and off since January 2013. Tr. 327. Dr. Rosado conducted a physical examination and found that Plaintiff had lumbar spine pain on flexion motion and tenderness to palpitation in the right-side trapezium muscle area. Tr. 329. Dr. Rosado diagnosed Plaintiff with low back pain. Tr. 49, 330. Dr. Rosado, however, also found that Plaintiff had intact motor and sensory function, normal 5/5 muscle strength, deep tendon reflexes, and no involuntary tremors or movement. Id. Dr. Rosado noted that Plaintiff had no limitations in sitting, standing, walking, and getting on and off the examination table. Tr. 330. Dr. Rosado further reported that Plaintiff had a normal gait with adequate balance and

coordination. Tr. 333. On May 29, 2013, examining radiologist Dr. Germán Chaves ("Dr. Chaves") conducted an x-ray of Plaintiff's lumbar spine AP and lateral. Tr. 339. Dr. Chaves opined that the x-ray of Plaintiff's lumbar spine revealed normal findings as the vertebral bodies and their appendages were intact, invertebral spaces were preserved, and there was no degenerative arthritis or scoliosis. Tr. 339.

In August 2013, state agency consultant internist Dr. Osvaldo Rivera ("Dr. Rivera") reviewed the record and opined that Plaintiff could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, and stand/walk for about 6 hours in a 8-hour workday and sit for about 6 hours in a 8 hour workday.[6] Tr. 148. In February 2014, state agency consultant internist Dr. Ulises Meléndez ("Dr. Meléndez") reviewed the record upon reconsideration and concurred with Dr. Rivera's opinion. Tr. 162-63.

In April 2014, treating general practitioner Dr. Gretchen Ortiz Sánchez ("Dr. Ortiz") examined Plaintiff and diagnosed him with lumbago. Plaintiff was prescribed pain medication. Tr. 48, 422. In February 2015, Dr. Chaves conducted a CT scan of Plaintiff's abdomen and pelvis which showed normal findings. Tr. 453. The ALJ noted in his decision that there was no evidence of radiculopathy and that while Plaintiff received pain medication for his back pain, there was no record of steroid injections or surgeries. Tr. 48, 50. Plaintiff has not cited to any record evidence discrediting the ALJ's finding that the record did not reflect evidence of radiculopathy and that he did not receive steroid injections or undergo surgery for his back pain.

At the hearing in May 2016, consultative medical expert internist Dr. José Rolón ("Dr. Rolón") testified that Plaintiff was capable of performing light work, that he could

---

[6] The term "constantly" is defined as occurring two-thirds or more of the time, "frequently" is defined as anywhere between one-third to two-thirds of the time, and "occasionally" is defined as very little up to one-third of the time. See Social Security Ruling 83–10, 1983 WL 31251, at *6.

10

occasionally lift 20 pounds and frequently lift 10 pounds, and he could frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. Tr. 64. The ALJ appropriately considered the medical evidence and opinions of record in determining his RFC. Thus, the ALJ's RFC determination is supported by substantial evidence. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987) ("We must affirm the Secretary's [determination], even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").

### C. The ALJ's Rejection of Plaintiff's Allegations Regarding the Severity of His Functional Limitations and Pain

Next, Plaintiff argues that the ALJ erred in finding that his allegations regarding the severity of his functional limitations and pain were not consistent with the medical evidence. ECF No. 16, at 9-11. Plaintiff testified that his back pain is terrible and that he can only sit for 5 to 10 minutes and stand/walk for 5 to 6 minutes without changing position. Tr. 67-69. Plaintiff also testified that he is always in bed because the pain is so great and that he needs help with personal hygiene and cannot complete household chores. Id. Under the regulations, the ALJ must consider a claimant's symptoms in determining whether the claimant is disabled. See 20 C.F.R. § 404.1529(a). First, the ALJ must decide whether a claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. Id. at § 404.1529(b). Then, the ALJ must evaluate the intensity and persistence of a claimant's symptoms and consider whether the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record documenting a claimant's limited capacity for work. Id. at § 404.1529(c).

In the case at hand, the ALJ considered Plaintiff's treatment record and found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of

the alleged symptoms, the record evidence was not consistent with the severity or extent of Plaintiff's complaints. Tr. 49-50. In his decision, the ALJ noted that in May 2013, Dr. Rosado found that Plaintiff had lumbar spine pain on flexion motion and tenderness to palpitation in the right-side trapezium muscle area. Tr. 49, 329. Dr. Rosado, however, also found that Plaintiff had intact motor and sensory function, full strength in all extremities, normal deep tendon reflexes, no evidence of any involuntary tremor or movement, and his gait was normal. Tr. 329-30, 333. Dr. Rosado opined that Plaintiff had no limitations in sitting, standing, walking, or getting on and off the examination table. Tr. 330.

In May 2013, Dr. Chaves opined that an x-ray of Plaintiff's lumbar spine revealed normal findings as the vertebral bodies and their appendages were intact, invertebral spaces were preserved, and there was no evidence of degenerative arthritis or scoliosis. Tr. 339. In February 2014, Dr. Meléndez reviewed the record and opined that Plaintiff could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, and stand/walk for about 6 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday. Tr. 162-63. Furthermore, Plaintiff's allegations are also inconsistent with Dr. Rolón's testimony at the hearing that Plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds, and he could frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. Tr. 64. The ALJ also noted in his decision that Plaintiff's allegations of severe back pain were undermined by the fact that there was no record of steroid injections or surgeries. Tr. 50.

Furthermore, Plaintiff's allegation that his mental impairment deteriorated significantly to a degree that he is completely non-functional is similarly inconsistent with the record. ECF No. 16, at 6-7. Progress notes from the APS Clinics revealed normal findings as Plaintiff was generally reported as cooperative, approachable, and friendly, with appropriate affect, good

judgment, adequate insight, average intellect, adequate concentration, and intact memory.[7] Tr. 117-128. In his March 2013 function report, Plaintiff reported that he did not have problems with authority figures and had no difficulties in talking with family, friends, neighbors, or others. Tr. 84, 85. Furthermore, Plaintiff reported to Dr. Marrerro in June 2013 that he could care for some of his personal needs and he was capable of performing yard and garden work when he feels well. Tr. 341-43. Thus, the ALJ reasonably concluded that Plaintiff's complaints of disabling pain and physical and mental limitations were inconsistent with the record evidence.

Plaintiff also claims that the ALJ erred by not considering the Avery factors in evaluating his complaints of pain. ECF No. 16, at 9-10. In evaluating a claimant's subjective complaints of pain, the ALJ must consider the Avery factors. See Vargas-López v. Comm'r of Soc. Sec., 510 F. Supp. 2d 174, 180 (D.P.R. 2007). The Avery factors include:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) Treatment, other than medication, for relief of pain; (5) Functional restrictions; and (6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 28 (1st Cir. 1986). The ALJ, however, "need not slavishly discuss all factors relevant to analysis of a claimant's credibility and complaints of pain in order to make a supportable credibility finding." Amaral v. Comm'r of Soc. Sec., 797 F. Supp. 2d 154, 162 (D. Mass. 2010) (citations omitted).

In the instant case, "[a]lthough the ALJ did not mechanically enumerate each factor, his opinion and the transcript of the hearing show a full consideration of the factors." González v. Comm'r of Soc. Sec., Civ. No. 14-1669, 2016 WL 1171511, at *3 (D.P.R. Mar. 24, 2016); see Mercado v. Comm'r of Soc. Sec., 767 F. Supp. 2d 278, 285 (D.P.R. 2010) ("Generally, a failure

---

[7] These progress notes correspond to Plaintiff's treatment at the APS Clinics in August 2013, September 2013, and October 2013.

to address all of the Avery factors in the rationale of the final decision is cured if the factors are discussed or considered at the administrative hearing."). Regarding the first factor, nature and location of alleged pain, Plaintiff testified that he has terrible pain in his back. Tr. 67. The ALJ noted in his decision that Dr. Rosado diagnosed with Plaintiff with back pain in May 2013 and Dr. Ortiz diagnosed Plaintiff with lumbago in April 2014. Tr. 330, 422. With regard to the second factor, precipitating and aggravating factors, Plaintiff testified that he feels pain every morning for one to two hours. Tr. 67. Plaintiff also testified that the pain is great when he stands or sits for too long. Tr. 68. The ALJ considered the third factor concerning Plaintiff's pain medication as it was noted by the ALJ that Dr. Ortiz prescribed pain medication for his back pain. Tr. 48, 422. Plaintiff also testified at the hearing that his pain medication relieves his back pain. Tr. 67.

Regarding the fourth factor, treatment other than medication, the ALJ noted in his decision that Plaintiff's pain was not treated with steroid injections or surgeries. Tr. 50. The ALJ also considered the fifth factor, functional limitations, as Plaintiff testified that he can only sit for 5 to 10 minutes without changing positions and can only stand and walk for 5 to 6 minutes without changing positions. Tr. 68. Plaintiff also testified that he needs to rest for a long time before he can walk again. Id. The ALJ's decision noted that Dr. Rosado assessed Plaintiff with a normal gait with adequate balance and coordination and that he was able to sit, stand, and walk without limitations. Tr. 330, 333. Regarding the sixth factor, activities of daily living, Plaintiff testified that he stays in bed all day, he needs supervision for personal grooming, and he cannot complete household chores such as sweeping, mopping, cleaning, and cooking. Tr. 69. The ALJ noted, however, that in June 2013, Plaintiff reported to Dr. Marrero that he was able to perform light housework when he feels well. Tr. 50, 341. Thus, contrary to Plaintiff's argument, the ALJ

considered Plaintiff's complaints of pain and the Avery factors in both the hearing and the decision. See Mercado, 767 F. Supp. 2d at 285.

### D. The ALJ's Step Five Determination

Plaintiff also argues that the ALJ's step five determination is not supported by substantial evidence. ECF No. 16, at 9, 12. First, Plaintiff argues that Rule 201.09 and Rule 202.09 of the Medical-Vocational Guidelines ("the Grid") direct a finding of disability in the case at hand. Id. at 9. "The Grid is a table used at step five of the sequential evaluation process that applies a claimant's vocational factors and her RFC to determine whether she should be found disabled." Vélez Valentín v. Astrue, Civ. No. 11-830, 2013 WL 322520, at *2 (D.P.R. Jan. 28, 2013) (citing 20 C.F.R. pt. 404, subpt. P, App. 2). "However, if the applicant has nonexertional limitations . . . that restrict her ability to perform jobs [she] would otherwise be capable of performing, then the Grid is only a framework to guide [the] decision." Sánchez Ortiz v. Comm'r of Soc. Sec., 995 F. Supp. 2d 53, 62 (D.P.R. 2014) (citing 20 C.F.R. § 416.969a(d)).

Plaintiff's claim that Rule 201.09 directs a finding of disability in the case at hand is misplaced because it is premised on him having an RFC for sedentary work. See 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.09. As stated earlier, the ALJ's RFC determination for light work is supported by substantial evidence. Furthermore, Plaintiff's claim that Rule 202.09 directs a finding of disability is also without merit. ECF No. 16, at 9. "The applicable regulation classifies age into three categories: (1) younger persons (under 50 years); (2) persons closely approaching advanced age (50–54 years); and (3) persons of advanced age (55 years and older)." Troncoso v. Astrue, Civ. No. 11-10726, 2012 WL 441753, at *6 (D. Mass. Feb. 9, 2012) (citing 20 C.F.R. § 404.1563(c)-(e)). Rule 202.09 applies to claimants closely approaching advanced age, which means they are 50-54 years of age. See 20 C.F.R. Part 404, Subpart P, Appendix 2,

Rule 202.09; 20 C.F.R. § 404.1563(d). Plaintiff, however, was born in November 1972. Tr. 51, 303. Therefore, at the time of the ALJ's decision in August 2016, Plaintiff was 43 years of age, and thus, a "younger person" under the Grid. 20 C.F.R. § 404.1563(d). Plaintiff admits that he is a "younger person" under the regulations. ECF No. 16, at 8. Thus, Plaintiff's contention that Rule 202.09 directs a finding of disability is untenable as Plaintiff was not a "person closely approaching advanced age" at the time of the ALJ's decision.

Next, Plaintiff alleges that the ALJ erred at step five in the sequential process by finding that there was work that he could perform existing in significant numbers in the national economy. ECF No. 16, at 12. At step five, the ALJ evaluates whether a claimant's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). Plaintiff claims that the ALJ's hypothetical to the vocational expert ("VE") was improper because it was based "on the unresolved assumption that Plaintiff has an RFC for unskilled light tasks that are simple and repetitive." ECF No. 16, at 12. As stated earlier, substantial evidence supports the ALJ's RFC determination and Plaintiff cannot rehash his RFC argument at this final step. See Gallant v. Berryhill, Civ. No. 16-308, 2017 WL 2731303, at *7 (D. Me. June 25, 2017). The ALJ provided an accurate hypothetical to the VE, and thus, the step five determination is supported by substantial evidence. Tr. 51-52, 65. See Berríos-López v. Sec'y of Health and Human Servs., 951 F.2d 427, 429 (1st Cir. 1991) ("The ALJ was entitled to credit the vocational expert's testimony as long as there was substantial evidence in the record to support the description of claimant's impairments given in the ALJ's hypothetical to the vocational expert.").

**IV.     Conclusion**

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of December, 2020.

                                              s/Marcos E. López
                                              U.S. Magistrate Judge